# No. 18-1215

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

*Appellants,*

v.

REPUBLICAN NATIONAL COMMITTEE, *et al.*,

*Appellees.*

_____

Appeal from the United States District Court
For the District of New Jersey
No. 2-81-cv-03876 (Hon. John M. Vazquez)

_____

## RNC'S RENEWED MOTION TO SEAL

_____

BOBBY R. BURCHFIELD
  *Counsel of Record*
MATTHEW M. LELAND
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 626-5524
bburchfield@kslaw.com


*Counsel for Appellee Republican National Committee*

DATED:  October 15, 2018

Pursuant to the Court's Order dated August 24, 2018 and 3d Cir. L.A.R. 106.1(a), Appellee Republican National Committee respectfully submits this Renewed Motion to Seal a portion of Appellant's Joint Appendix ("JA"). The RNC requests continued protection under seal of a draft strategic plan for pre-election, election day, and post-election day activities by presidential campaign personnel and volunteers (JA 1513-1521). The document at issue contains information about confidential strategies and practices that will most likely be used again in future election cycles. *See* Declaration of John R. Phillippe Jr. (Sept. 6, 2018) at ¶ 4 (attached hereto as Exhibit A). Accordingly, the RNC urges the Court to grant the motion in order to prevent disclosure of competitively sensitive election strategies until after the conclusion of the next presidential election on November 3, 2020.

## **PROCEDURAL HISTORY**

During proceedings before the district court prior to the 2016 election, the court entered a protective order ensuring that "all documents produced or exchanged in the course of discovery in this litigation . . . shall be used solely for the purpose of this case." Order, Oct. 29, 2004 (Dkt. #16). On July 7, 2017, the district court entered further protections against public disclosure of any information the RNC considered "competitively sensitive." Order, July 7, 2017 (Dkt. # 167). To prevent the harm that may be suffered by the RNC if its election related documents were disclosed to the DNC's political operatives, the district

court – with the DNC's explicit consent – limited the documents to "attorneys' eyes only" and also barred the DNC's general counsel, Marc Elias, from accessing the material because of his strategic and political roles in the DNC and in campaigns of Democratic candidates. *See id.* and JA 274-JA 275. The court also provided a procedure for disputing "competitively sensitive" designations of documents. *Id.*

In response to the DNC's document requests during the district court proceeding, and pursuant to the protective order, the RNC produced a copy of the draft strategic plan (JA 1513-1521). The DNC did not challenge the confidentiality of the document. Instead, the DNC included the document in support of its request for additional discovery, which was filed under seal (JA 1485-1488, JA 1522-JA 1525).

On January 8, 2018, after several discovery rulings, the Court ruled that the DNC did not prove by a preponderance of the evidence that the RNC violated the Consent Decree before December 1, 2017, and, further, that the Consent Decree had expired. *See* Order, Jan. 8, 2018 (Dkt. No. 213). The DNC appealed several of the Court's discovery orders to the Third Circuit. Both the DNC and RNC filed motions requesting that the Third Circuit seal certain portions of the record within the Joint Appendix, including the strategic memorandum used as part of the DNC's September 25, 2017 letter motion.

On August 24, 2018, the Third Circuit denied the motions without prejudice because no motion to seal had been filed in district court, and ordered the parties to file a motion to seal in the district court within 14 days if either party still sought protection of specific documents. *See* 3d Cir. Order, Aug. 24, 2018. On September 6, 2018, the RNC filed an unopposed motion to seal the strategic memorandum in compliance with the Third Circuit's Order. On October 1, 2018, the district court granted the motion to seal. Order, Oct. 1, 2018 (Dkt. #221).

## ARGUMENT

Protection of a party's confidential proprietary business and competitive interests constitutes good cause to seal portions of a brief and record. *See Mylan Inc. v. Smithkline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (granting motion to seal briefs and portions of the record containing competitively sensitive information from the underlying contract dispute). There is good cause to seal portions of briefs and records when it is necessary to protect a party's confidential proprietary business and competitive interests. *See id.* Given the election related issues that are fundamental to this case, the RNC's competitive interests will be vulnerable if the strategic memorandum does not remain under seal.

*First*, the nature and content of the confidential strategy document requires protection from public disclosure. *See id.* The strategic memorandum is a confidential document written for campaign personnel and volunteers. *See* Phillippe Decl. ¶ 4. It explains several strategies and activities for election day and

a potential recount. *See id.* The memorandum was circulated during the 2016 election, but contains several plans that are likely to be used in or may bear upon future elections. *See id.* This includes the election for President of the United States in 2020. *See id.*

*Second*, the RNC has a strong interest in maintaining confidentiality of the document, and risks irreparable harm to its campaign programs in the event the document is disclosed. The RNC and DNC compete vigorously for votes by registered voters in federal, state, and local elections. To secure those votes, the parties expend financial resources and engage staff, volunteers, independent contractors, and vendors in get-out-the-vote activities that are the product of confidential strategic decisions by RNC and campaign officers and personnel. *See* Phillippe Decl. ¶ 3. These strategies are still relevant and likely to be implemented again during the 2020 general election. *See id.* at ¶ 5. Therefore, the RNC will suffer a competitive disadvantage by the disclosure of Republican campaign strategic priorities, election activities, and allocation of resources. DNC operatives (and others) will be able to reallocate resources to address Republican strategic decisions, which is a key reason the RNC guards them closely. *See id.* at ¶¶ 3, 5.

*Third*, there is no less restrictive alternative to sealing the strategic memorandum in its entirety. The document provides step-by-step procedures throughout each of its pages that are to be carried out by staff and volunteers in the days before, on, and after election day. *See id.* at ¶ 4. The DNC also has never

objected to the RNC's designation of the entire document as confidential.  Finally, there would be only a minimal effect on the public's right to access the information litigated in this case because the RNC requests protection for only *one* of the several documents used in the DNC's discovery motions during 2017 and 2018.

## **CONCLUSION**

For the foregoing reasons, the RNC urges the Court to grant the renewed motion to seal.

Respectfully Submitted,
/s/  *Bobby R. Burchfield*

BOBBY R. BURCHFIELD
  *Counsel of Record*
MATTHEW M. LELAND
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 626-5524
bburchfield@kslaw.com

*Counsel for Appellee Republican National Committee*

DATED: October 15, 2018

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2018, I caused the foregoing to be electronically filed with the Clerk of Court by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Bobby R. Burchfield*
Bobby R. Burchfield

**CERTIFICATION OF BAR MEMBERSHIP**

The undersigned hereby certifies that he is a member of the Bar of the United States Court of Appeals for the Third Circuit.

/s/ *Bobby R. Burchfield*
Bobby R. Burchfield

**CERTIFICATION OF VIRUS CHECK**

The undersigned certifies that the electronic version of this motion was scanned for viruses using McAfee and no viruses were discovered.

/s/ *Bobby R. Burchfield*
Bobby R. Burchfield